**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Joshua Champion; and Trent Alvord,<br><br>    Plaintiffs,<br><br>v.<br><br>Hameet Sethi; Jon Reyes; DeShawn Tavilla; Jessie Sotomayor; and Andrew Zamora,<br><br>    Defendants. | No. CV-22-01355-PHX-DGC<br><br>**ORDER AND DEFAULT JUDGMENT** |

Plaintiffs Joshua Champion and Trent Alvord allege that Defendants sent numerous text messages to Plaintiffs in violation of the Telephone Consumer Protection Act ("TCPA"). Doc. 1. Plaintiffs moved for default judgment against Defendants Hameet Sethi, Jessie Sotomayor, and Andrew Zamora. Doc. 30.[1] The Court granted the motion with respect to Defendants' liability on the TCPA claims and directed Plaintiffs to submit evidence to support their requests for damages and injunctive relief. Doc. 44. Plaintiffs have now presented that evidence. Doc. 49. For reasons stated below, the Court will enter default judgment against Defendants in the amount of $163,500 for Champion and $39,000 for Alvord.

---

[1] Plaintiffs dismissed their claims against Defendants Jon Reyes and DeShawn Tavilla. *See* Docs. 41, 42; Fed. R. Civ. P. 41(a)(1)(i).

1

## I. Background.

According to Plaintiffs' complaint, Defendants created and controlled a massive text message spamming operation, APEX SMS ("APEX"). Doc. 1 ¶¶ 1, 4, 18-25, 61-66. Since at least 2018, APEX has been operated in Arizona under various names. *Id.* ¶¶ 2, 18, 32. When the spamming operation was exposed in May 2019, APEX had the randomly generated telephone numbers of more than 80 million people stored in its database and had used them to send millions of text messages to nonconsenting recipients through an automatic telephone dialing system ("ATDS"). *Id.* ¶¶ 1, 19, 34, 64, 82.

Plaintiffs received hundreds of those messages without their consent and despite having registered their cell phone numbers on the national Do Not Call Registry ("DNCR"). *Id.* ¶ 5-6, 35-58. Champion received 540 messages and Alvord received 269 (809 total). *Id.* ¶¶ 38, 54-58. The messages came from various phone numbers and contained random domain names. *Id.* ¶¶ 45-46. None of the messages disclosed the identity of the caller or the entity from which they were sent. *Id.* ¶ 60.

Defendants Sethi, Sotomayor, and Zamora were served with process in September 2022 (Docs. 17-19), but failed to answer or otherwise respond to the complaint. *See* Fed. R. Civ. P. 12. The Clerk entered default against these Defendants on December 28, 2022. Doc. 28. Plaintiffs sought default judgment two days later. Doc. 30.[2]

## II. Default Judgment on Liability.

"In 1991, when telemarketing became common, Congress enacted the TCPA to 'protect the privacy interests of . . . telephone subscribers by placing restrictions on unsolicited, automated telephone calls.'" *Trim v. Reward Zone USA LLC*, --- F.4th ----, 2023 WL 5025264, at *2 (9th Cir. Aug. 8, 2023) (quoting S. Rep. No. 102-178, at 1 (1991)); *see Satterfield v. Simon & Schuster, Inc.*, 569 F.3d 946, 954 (9th Cir. 2009) ("The purpose and history of the TCPA indicate that Congress was trying to prohibit the use of

---

[2] Sethi moved to set aside his default under Rule 55(c). Doc. 35. The Court denied the motion because Sethi failed to make some showing of a meritorious defense. Doc. 44 at 3-7.

ATDSs to communicate with others by telephone in a manner that would be an invasion of privacy."). The TCPA makes it unlawful to make any call using an ATDS unless the call is made for emergency purposes or with the consent of the called party. 47 U.S.C. § 227(b)(1)(A); 47 C.F.R. § 64.1200(a)(1); *see Van Patten v. Vertical Fitness Grp., LLC*, 847 F.3d 1037, 1043 (9th Cir. 2017) ("[I]n enacting the TCPA, . . . Congress sought to protect consumers from the unwanted intrusion and nuisance of unsolicited telemarketing phone calls . . . . The TCPA establishes the substantive right to be free from certain types of phone calls and texts absent consumer consent."). The TCPA is also violated when an automated telemarketing call is made (1) to a telephone subscriber who has registered his telephone number on the DNCR, or (2) without disclosing the caller's identity. 47 U.S.C. § 227(c); 47 C.F.R. §§ 64.1200(2)(c)(2), (d)(4); *see Hall v. Smosh Dot Com, Inc.*, 72 F.4th 983, 986 (9th Cir. 2023) ("In instructing the Federal Communications Commission . . . to adopt a [DNCR], Congress granted residential phone subscribers the right to create a private line, free from unsolicited calls and intrusive texts."); *Drew v. Lexington Consumer Advoc.*, No. 16-CV-00200-LB, 2016 WL 9185292, at *7 (N.D. Cal. Aug. 11, 2016) ("Drew's allegations support his claims under § 64.1200(d). . . . [A]lthough each message provided a return phone number, none of them identified the sender of the message or the entity on whose behalf the messages were sent. Taken as true, this violates § 64.1200(d)(4).") (cleaned up).

Plaintiffs assert three claims under the TCPA and its implementing regulations: (1) calls made to phone numbers using an ATDS in violation of §§ 227(b)(1) and 64.1200(a)(1); (2) telemarketing calls made to phone numbers registered on the DNCR in violation of §§ 227(c) and 64.1200(c)(2); and (3) telemarketing calls made without disclosing the caller's identity in violation of §§ 227(c) and 64.1200(d)(4). Doc. 1 ¶¶ 68-72, 87-104.

Plaintiffs moved for default judgment on each claim under Federal Rule of Civil Procedure 55(b). Doc. 30. The Court's decision whether to grant default judgment is discretionary. *See Aldabe v. Aldabe*, 616 F.2d 1089, 1092 (9th Cir. 1980). The Court

evaluated the relevant factors, *see Eitel v. McCool*, 782 F.2d 1470, 1471-72 (9th Cir. 1986), and determined that they clearly favored default judgment with respect to Defendants' liability under the TCPA. Doc. 44 at 7-14. The Court found that Plaintiffs had adequately alleged that Defendants sent text messages to Plaintiffs in violation of the TCPA. *Id.* at 8-11. The Court further found that Defendants had done nothing to raise potential factual disputes and had provided no basis for concluding that they have a meritorious defense. *Id.* at 12-13. The Court granted Plaintiffs' motion with respect to Defendants' liability on each claim. *Id.* at 16.[3]

### III. Plaintiffs' Request for Default Judgment Damages.

"The TCPA provides for a statutory minimum of $500 per violation." *Drew*, 2016 WL 9185292, at *11 (citing 47 U.S.C. §§ 227(b)(3), (c)(5)); *see Wakefield v. ViSalus, Inc.*, 51 F.4th 1109, 1124 (9th Cir. 2022) ("Congress . . . set a floor of statutory damages at $500 for each violation of the TCPA but no ceiling for cumulative damages[.]"). The Court has discretion to increase this amount to $1,500 if it finds that the defendant committed the violation willfully or knowingly. 47 U.S.C. §§ 227(b)(3), (c)(5); *see Drew*, 2016 WL 9185292, at *11; *Osgood v. Main Streat Mktg., LLC*, No. 16cv2415-GPC(BGS), 2018 WL 11408584, at *4 (S.D. Cal. Mar. 21, 2018).

Champion seeks $1,620,000 in enhanced statutory damages. *See* Doc. 30-1 at 3, 21. He claims that each of the 540 text messages he received from Defendants constitutes an ATDS violation under § 227(b), and requests $1,500 for each call, for a total of $810,000. *Id.* at 14. Champion further claims that each call violated § 227(c) and its regulations, §§ 64.1200(c)(2) and (d)(4), and seeks an additional $810,000. *Id.* at 17. Alvord seeks $807,000 for the 269 text messages he received – $403,500 for violations of § 227(b) and $403,500 for the § 227(c) violations. *Id.* at 14, 17, 21; *see also* Doc. 49 at 3.

---

[3] The Court addressed liability on a claim-by-claim basis, but did not determine whether Plaintiffs have pled facts sufficient to establish liability with respect to each of the 809 text messages they allegedly received. *See id.* at 9-11. For reasons stated below, the Court finds that the complaint's well-pled factual allegations establish liability only with respect to 405 text messages traced directly to Defendants. *See* Doc. 1 ¶¶ 51-57.

The Court found in its prior order that the large amount of damages Plaintiffs seek weighs against default judgment. Doc. 44 at 11-12; *see Osgood*, 2018 WL 11408584, at *5 (concluding that this factor weighed against default judgment where the plaintiff requested $1 million in damages under the TCPA). And because Plaintiffs attached no exhibits or evidence to their motion and specifically identified only four of the 809 text messages they claim to have received from Defendants, the Court declined to grant default judgment with respect to damages. Doc. 44 at 14-15; *see O'Brien v. United States*, No. 2:07-CV-00986-GMN, 2010 WL 3636171, at *2 (D. Nev. Sept. 9, 2010) ("Once the court clerk enters a default, the well-pleaded factual allegations of the complaint are taken as true, except for those allegations relating to damages. The plaintiff is required to prove all damages sought in the complaint, and those damages may not differ in kind from, or exceed in amount, what is demanded in the pleadings.") (cleaned up); *Osgood*, 2018 WL 11408587, at *1 (S.D. Cal. June 7, 2018) ("Allegations of damages must be proven. The plaintiff is required to provide evidence of its damages[.]") (citations omitted).

Plaintiffs have now presented evidence of the 809 text messages they received, including the date and content of each message. Docs. 49-1, 49-2. The messages sent to Champion were addressed to "Adam," and the messages Alvord received were addressed to "Nelson." *See id.* Plaintiffs have traced 405 messages directly to Defendants. *See* Doc. 1 ¶¶ 38, 51-56. Plaintiffs allege, on information and belief, that Defendants likely sent the other 404 messages because Plaintiffs do not have the names "Adam" or "Nelson." *Id.* ¶¶ 54-57; *see* Doc. 49 at 3, 6.

"Awarding damages in a default judgment is at the Court's discretion, and Plaintiff[s] cannot demand an award of any specific amount of damages." *Countryman Nevada, LLC. v. Suarez*, No. 6:15-CV-0436-SI, 2016 WL 5329597, at *5 (D. Or. Sept. 22, 2016). Pursuant to §§ 227(b)(3) and (c)(5), the Court will award Plaintiffs the statutory minimum of $500 for each of the 405 text messages they have traced directly to Defendants – a total of $202,500 ($163,500 for Champion and $39,000 for Alvord). This a large amount to award on the basis of default, but "the TCPA statute means what [it] means –

that each violation is $500." *Perez v. Rash Curtis & Assocs.*, No. 4:16-CV-03396-YGR, 2020 WL 1904533, at *7 (N.D. Cal. Apr. 17, 2020); *see Wakefield*, 51 F.4th at 1124 ("Because the appropriate penalty for statutory violations [of the TCPA] is a legislative decision best left to Congress, courts should disregard the plain statutory language directing damages and allowing . . . other aggregation only in the most egregious of circumstances.").[4]

The Court declines to award default judgment damages for the 404 text messages that Plaintiffs have not traced directly to Defendants. "Only well-pleaded allegations are taken as admitted on a default . . . . [F]acts which are not established by the pleadings . . . are not binding and cannot support [a default] judgment." *Schappell v. Pantheon Holdings, Inc.*, No. CIV. S-05-0219 GEB PAN PS, 2005 WL 8176742, at *1 (E.D. Cal. Aug. 5, 2005) (citing *Danning v. Lavine*, 572 F.2d 1386, 1388 (9th Cir. 1978)); *see CMA CGM S.A. v. Ocean Line Logistics Inc.*, No. 2:20-cv-06210 FWS-RAO, 2022 WL 3009461, at *2 (C.D. Cal. June 3, 2022) (same). Plaintiffs allege that one or more of Defendants likely sent the additional 404 text messages because the messages incorrectly address Plaintiffs as either "Adam" or "Nelson." Doc. 1 ¶¶ 43, 54-57. These allegations, based on mere speculation and not well-pleaded facts, are not sufficient to establish liability under the TCPA.

Plaintiffs' request for treble damages is denied. *See* Doc. 49 at 5-7. Courts in this Circuit typically have exercised their discretion to award treble damages in cases where the defendant had a prior judgment against it for violating the TCPA or where statutory damages were trivial and thus would not deter the defendant from future misconduct. *See Ewing v. CSOLAR*, No. 22-CV-0720-WQH-JLB, 2022 WL 4449326, at *5 (S.D. Cal. Sept. 22, 2022) (citations omitted). In this case, there is no allegation that Defendants have prior judgments against them for violating the TCPA, and awards of $163,500 and $39,000 in statutory damages are not trivial – they should have a deterrent effect. *See id.*; *Heidorn*

---

[4] Sethi asserts that Plaintiffs have failed to prove that he sent any text messages in violation of the TCPA. Doc. 50 at 2. But the Court already has granted default judgment with respect to Sethi's liability under the TCPA, and the complaint's well-pled factual allegations show that he sent at least 405 text messages to Plaintiffs.

*v. BDD Mktg. & Mgmt. Co.*, C-13-00229 JCS, 2013 WL 6571629, at *17 (N.D. Cal. Aug. 19, 2013) ("Plaintiff has not provided evidence to show that BDD has been sued before under the TCPA, or that the company is so large that an award of statutory damages in the amount of $11,000 would be deemed trivial. Therefore, the Court rejects Plaintiff's request for treble damages under the TCPA."); *Wang v. Therapeutic Health Collective*, No. 2:14-CV-02603-SVW-JC, 2015 WL 13914869, at *2 (C.D. Cal. Aug. 26, 2015) ("Although Plaintiff's allegations may be sufficient to establish that Defendant acted willfully, this Court finds that the $500.00 statutory damage award per violation is sufficient to accomplish the purposes of the TCPA."); *Drew v. Lexington Consumer Advoc., LLC*, No. 16-CV-00200-LB, 2016 WL 1559717, at *13 (N.D. Cal. Apr. 18, 2016) ("Whether or not Lexington acted knowingly or willfully, [the statutory damages] amount is sufficient to accomplish the purpose of trebling TCPA damages – to deter future violations. Mr. Drew provides no evidence that Lexington has previously been sued for violating the TCPA or that $3,500 will be considered trivial and thus not deter future misconduct.") (citation omitted).

**IV.     Plaintiffs' Request for Injunctive Relief.**

Plaintiffs seek an order enjoining Defendants from committing further TCPA violations. Docs. 1 at 18, 49 at 9. Plaintiffs assert that Defendants continue to send spam text messages to many clients of Plaintiffs' counsel, but do not claim that they have received any such messages. *See* Doc. 49 at 6, 9-10; Doc. 49-1 ¶¶ 12-18. Because an injunction is not necessary to afford Plaintiffs the relief to which they are entitled, their request for injunctive relief is denied. *See PepsiCo, Inc. v. Cal. Sec. Cans*, 238 F. Supp. 2d 1172, 1177 (C.D. Cal. 2002) (explaining that a plaintiff that obtains default judgment "is not automatically entitled to an injunction").

Plaintiffs' reliance on *Drew v. Lexington Consumer Advocates* is misplaced. Doc. 49 at 9. The plaintiff in that case "declared that he had received additional messages from Lexington since he filed suit[.]" 2016 WL 9185292, at *11 (cleaned up). Plaintiffs

present no such evidence in this case, and the Court will not enter an injunction to benefit unnamed clients of Plaintiffs' law firm.

Plaintiffs' citation to *Meyer v. Portfolio Recovery Associates*, 707 F.3d 1036 (9th Cir. 2012), fares no better.  Doc. 49 at 9.  *Meyer* was a certified class action and the preliminary injunction entered in the case prevented the defendant from using its ATDS to place calls to class members.  Plaintiffs brought this case as a proposed class action, but they have not moved for class certification under Rule 23.

**IT IS ORDERED:**

1. Plaintiffs' motion for default judgment (Docs. 30, 49) is **granted in part** and **denied in part** as set forth in this order and the Court's prior order (Doc. 44).

2. Pursuant to Rule 55(b)(2), default judgment on the TCPA claims is entered against Defendants Hameet Sethi, Jessie Sotomayor, and Andrew Zamora, jointly and severally, in the amount of **$163,500.00** for Plaintiff Joshua Champion and **$39,000.00** for Plaintiff Trent Alvord.[5]

3. The Clerk is directed to terminate this action.

Dated this 6th day of September, 2023.

David G. Campbell
Senior United States District Judge

---

[5] "[T]he TCPA permits joint and several liability amongst co-tortfeasors." *Weisbein v. Allergan, Inc.*, No. CV-20-0801 FMO (ADSx), 2021 WL 1034979, at *5 (C.D. Cal. Mar. 16, 2021) (citing cases).